UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>ROBERT RUIZ PEREZ,<br><br>　　　　　　Defendant. | Case No. CR19-106-RSL<br><br>ORDER GRANTING COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's "Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)" (Dkt. # 191). Having considered the motion and the record contained herein, the Court finds as follows:

**I.     Motions to Seal**

As an initial matter, the Court finds that compelling reasons justify sealing defendant's filings containing medical records (Dkts. # 192, # 200). Defendant's motions to seal (Dkts. # 190, # 198) are accordingly granted.

**II.    Background**

Defendant is a 51-year-old inmate currently incarcerated at Lompoc FCI. See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited July 11, 2022). On August 8, 2019, defendant pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. # 39 at 1. On November 8, 2019, the Court sentenced defendant to 60 months of imprisonment and three years of

ORDER GRANTING
COMPASSIONATE RELEASE - 1

supervised release. Dkt. # 79 at 2-3. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on August 25, 2023. Dkt. # 191 at 1.

This is defendant's second motion for compassionate release. Defendant's fist motion sought compassionate release primarily due to his own health issues. See generally Dkt. # 133. The Court denied defendant's first motion for compassionate release on February 25, 2021. See generally Dkt. # 153. Defendant now moves for compassionate release on the ground that his father suffers from several serious medical conditions, and defendant is his father's only potential caregiver. See generally Dkt. # 191.

### III. Legal Framework

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has provided an exception to that rule, known as compassionate release, which allows the Court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c); see also United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021); United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). The First Step Act of 2018 amended the procedural requirements governing compassionate release. Whereas prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release, the amended statute allows defendant to directly petition the Court for compassionate release. See id. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion

ORDER GRANTING
COMPASSIONATE RELEASE - 2

of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>   (i) extraordinary and compelling reasons warrant such a reduction; . . .

>   (ii) . . .

> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). In doing so, Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
>   (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
>   (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>   (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
>   1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2),

ORDER GRANTING
COMPASSIONATE RELEASE - 3

extraordinary and compelling reasons exist under any of the circumstances set forth below:

. . . .

(C) **Family Circumstances.**—

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

. . . .

U.S.S.G. § 1B1.13. However, the Ninth Circuit has held that U.S.S.G. § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." Aruda, 993 F.3d at 798, 802. The Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but it is not binding. Id.

### IV. Defendant's Circumstances

In deciding whether to grant defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1), the Court considers: (A) whether defendant has met the statutory

ORDER GRANTING
COMPASSIONATE RELEASE - 4

exhaustion requirement for compassionate release, (B) whether "extraordinary and compelling reasons warrant such a reduction," and (C) the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable.  See Keller, 2 F.4th at 1283-84 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

### A. Exhaustion Requirement

The Court first determines whether defendant has met the statutory exhaustion requirement.  Where, as here, the Director of the BOP has not filed the motion on defendant's behalf, the Court may only consider the motion over the government's objection if defendant has requested that the BOP make such a motion and either (i) defendant has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (ii) 30 days have elapsed since the "warden of the defendant's facility" received a compassionate-release request from defendant.  Keller, 2 F.4th at 1281 (quoting 18 U.S.C. § 3582(c)(1)(A)).  The parties agree that defendant has satisfied the exhaustion requirement. See Dkts. # 191 at 3-4, # 195 at 4 n.1.  The Court therefore considers the merits of defendant's motion for compassionate release.

### B. "Extraordinary and Compelling" Circumstances

The Court next considers whether "extraordinary and compelling reasons warrant such a reduction" in defendant's term of imprisonment.  18 U.S.C. § 3582(c)(1)(A).  Defendant avers that his need to care for his ill and aging father constitutes an "extraordinary and compelling" reason.  See Dkt. # 191 at 5-6.  Defendant's father suffers from numerous serious medical conditions and impaired mobility.  See generally Dkts. # 192, # 200.  While defendant acknowledges that other family members live near his father, he explains that he is the only person capable of caring for his father because his father refuses to accept care from others, among other reasons, and highlights that he was his father's primary caregiver prior to his incarceration.  See Dkts. # 191 at 5-6, # 191-1 at 7.  In particular, defendant emphasizes that he is the only person capable of convincing his father to seek medical attention, and that his father once delayed medical treatment until defendant convinced him to see a doctor, which resulted in the partial amputation of his foot.  See Dkts. # 191 at 5-6, # 191-1 at 9.  The government argues

ORDER GRANTING
COMPASSIONATE RELEASE - 5

that defendant has not shown that his father is incapacitated or that other caretakers are unavailable.  See Dkt. # 195 at 6-9.

Defendant has successfully shown "extraordinary and compelling" circumstances.  The Court recognizes that the policy statement authorizes compassionate release only where a defendant can show that his spouse, registered partner, or caretaker of his minor children is "incapacitated," see U.S.S.G. § 1B1.13, Commentary § 1(C), and agrees that defendant has not shown his father is "incapacitated."  However, this policy statement is not binding on the Court, see Aruda, 993 F.3d at 798, 802, and the Court is persuaded that defendant's father suffers from numerous chronic ailments and requires ongoing care.  The Court is also persuaded that defendant is the only person capable of providing meaningful care for his father.  Again, the Court is not bound by the policy statement's mandate that defendant "be the only available caregiver" for a spouse or registered partner.  See U.S.S.G. § 1B1.13, Commentary § 1(C)(ii); see also Aruda, 993 F.3d at 798, 802.  While other family members are perhaps not conventionally unavailable, defendant's father's history of rejecting medical care is concerning.

### C. Sentencing Factors

Prior to granting compassionate release, the Court must assess whether a sentence reduction would be consistent with any applicable sentencing factors set forth in 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3582(c)(1)(A); see also Keller, 2 F.4th at 1284.  The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to adequately deter criminal conduct and "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," (4) the sentencing guidelines, and (5) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a); see also United States v. Grimes, No. CR11-5509 BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing factors).

ORDER GRANTING
COMPASSIONATE RELEASE - 6

1     The circumstances surrounding the offense are troubling. Defendant, armed with a loaded stolen firearm, attempted to purchase $100,000 worth of cocaine. Dkt. # 39 at 6. He was 48 years old at the time. This was not defendant's first offense. His prior offenses include two convictions for possession of cocaine with intent to distribute, and he has fled from law enforcement twice. See PSR ¶¶ 18, 20, 21.

    However, the Supreme Court has instructed that evidence of post-sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors. Pepper v. United States, 562 U.S. 476, 491 (2011) (quoting 18 U.S.C. § 3553(a)(1)). Defendant has demonstrated exemplary behavior while in prison, accruing zero disciplinary violations and availing himself of programming and classes. See Dkts. # 133-6, # 181 at 12-13, # 191-1 at 4. Even the government acknowledges that defendant's "conduct in custody is commendable, he has taken advantage of programming, and has planned for a successful release." Dkt. # 195 at 10. While the Court stated in its Order on defendant's first motion for compassionate release that it was concerned that defendant would present a danger to the community if released because less than two years had passed since defendant's offense conduct, see Dkt. # 153 at 9, the additional passage of time sufficiently assuages the Court's concerns.

    Defendant received a mandatory minimum term of imprisonment. See 18 U.S.C. § 924(c)(1)(A)(i). Nonetheless, defendant's time in prison constituted "harder time" that the Court anticipated when it imposed the sentence in 2019 due to the 2020 onset of the COVID-19 pandemic. The Court is therefore persuaded that defendant's term of imprisonment has sufficiently reflected the seriousness of the offense. The Court also notes that defendant's co-defendant, who arguably engaged in more culpable conduct than defendant and pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and attempted possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), see Dkt. # 83, received a sentence of sixty months and one day of imprisonment, see Dkt. # 179. A reduction in defendant's sentence avoids an unwarranted disparity with his co-defendant's sentence.

ORDER GRANTING
COMPASSIONATE RELEASE - 7

Considered in totality, the Court concludes that the sentencing factors support compassionate release. Defendant has served most of his sentence and has maintained exemplary behavior in prison. While defendant's criminal record reaches back many years, it is not without large gaps, and the Court is persuaded that defendant is motivated to maintain a lawful lifestyle such that he may be present for his family for years to come. The Court reminds defendant that because he has already been convicted once under 18 U.S.C. § 924(c), if he is again convicted under this statute, he will face a mandatory minimum term of imprisonment of 25 years. See 18 U.S.C. § 924(c)(1)(C).

### IV. Conclusion

For all the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion for compassionate release (Dkt. # 191) is GRANTED. Defendant shall be released on August 25, 2022, and his term of imprisonment shall be reduced to time served on that date. Defendant shall begin serving his three-year term of supervised release immediately upon his release from custody. Defendant shall reside at 15320 39th Avenue East, Tacoma, WA 98466.
2. Defendant's motion to seal (Dkt. # 190) is GRANTED.
3. Defendant's motion to seal (Dkt. # 198) is GRANTED.

DATED this 2nd day of August, 2022.

Robert S. Lasnik
United States District Judge