UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PEREZ,<br><br>Defendant. | Case No. CR19-106-RSL<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant's "Motion for Early Termination of Supervised Release" (Dkt. # 264). Having reviewed the motion, the opposition, and the record herein, the court DENIES the motion.

On August 8, 2019, Perez pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. # 39 at 1. On November 8, 2019, this Court sentenced Perez to a 60-month term of imprisonment to be followed by three years of supervised release. Dkt. # 79. Perez commenced his term of supervised release on August 25, 2022, and his term is set to expire on August 25, 2025.

Perez requests early termination mainly to pursue employment opportunities as a commercial driver and to travel for work. Dkt. # 2–4. The Government and the United States Probation Office acknowledge Perez's success on supervised release, but both oppose early termination. Dkts. # 268 at 2–3, # 264 at 1.

After a defendant completes at least one year of the supervised release term, the Court may terminate his term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

ORDER DENYING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE - 1

Defendant's time on supervised release now exceeds one year; therefore, consideration of early termination of supervised release is statutorily permissible. The Court must consider several factors in deciding whether early termination is appropriate, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct and protect the public from further crimes, to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *see United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

      After careful consideration, the Court finds that defendant will be well-served by completing at least two years of supervised release. If Perez maintains compliance through August 25, 2024, the Court will entertain a renewed motion for early termination of supervised release.

      For the foregoing reasons, defendant's "Motion for Early Termination of Supervised Release" (Dkt. # 264) is DENIED with the possibility of early termination on or after August 25, 2024.

DATED this 17th day of June, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE - 2